IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER BLACK,                )<br>                                               )<br>           Plaintiff,                )<br>                                               )<br>     vs.                                  )<br>                                               )<br>THE FITZGERALD LAW FIRM, PC,    )<br>                                               )<br>           Defendant.            ) | FILED: JULY 1, 2008<br>08CV3766<br>JUDGE SHADUR<br>MAGISTRATE JUDGE KEYS<br><br>TC |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Jennifer Black brings this action to secure redress from unlawful credit and collection practices engaged in by defendant The Fitzgerald Law Firm, PC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because defendant's collection communications were received by plaintiff within this District.

### PARTIES

5. Plaintiff Jennifer Black is an individual who resides in Chicago, Illinois.

6. Defendant The Fitzgerald Law Firm, PC is a corporation organized under Georgia law with its principal offices at 2985 Gordy Parkway #421, Marietta, Georgia 30066.

7. The Fitzgerald Law Firm, PC is engaged in collecting allegedly defaulted consumer debts originally owed to others.

8. Defendant The Fitzgerald Law Firm, PC regularly uses the mails and telephones in conducting its business.

9. Defendant The Fitzgerald Law Firm, PC is a "debt collector" as defined in the FDCPA.

## FACTS

10. On or about April 1, 2008, plaintiff was called by one of defendant's debt collectors using the name of "Mr. Nelson." Mr. Nelson demanded that plaintiff pay $2700 on account of an old debt allegedly incurred for personal, family or household purposes and that she charge the $2700 on a credit card. Plaintiff did not do so.

11. On April 3-7, 2008, the same and other debt collectors employed by defendant left several voicemail messages for plaintiff.

12. On Tuesday, April 8, 2008, one of defendant's debt collectors called plaintiff's employer and left the following message, which was forwarded to plaintiff at 10.59 a.m.:

> Hi, my name is Mr. Nelson calling you from Fitzgerald Law Firm. Calling in regards to an employee of yours, a Jennifer Black. And if you can, call me back with a fax number to your department, and this is in regards to Jennifer Black. My number's toll free 1-877-475-7617, direct extension is 112. I am calling to verify employment. . . . .

13. On April 14, 2008, one of defendant's debt collectors called plaintiff's employer and left the following message, which was forwarded to plaintiff at 1.44 p.m.:

> Hi Pamela, this is Mr. Nelson from the Fitzgerald Law Firm. I'm calling in regards to a Jennifer Black. I need to get a fax number from you to fax over a letter to, uh, to get some information in regards to, uh, employment. So if you can contact me back at 1-877-475-7617, direct extension is 112. I look forward to your call.

## VIOLATIONS COMPLAINED OF

14. The FDCPA, 15 U.S.C. §1692c, provides:

2

>**§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**
>
>**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

15.     Section 1692b provides:

>**§ 1692b.     Acquisition of location information [Section 804 of P.L.]**
>
>**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**
>
>>**(1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**
>>
>>**(2)     not state that such consumer owes any debt;**
>>
>>**(3)     not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information; . . .**

16.     "Location information" is defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment.

17.     Defendant's communications of April 8, 2008 and April 14, 2008 violated 15 U.S.C. §1692c because:

>a.     Defendant had plaintiff's "location information" and was calling, not to obtain it, but to coerce plaintiff into complying with defendant's demands;
>
>b.     Defendant's representatives voluntarily identified their employer on both occasions;
>
>c.     Defendant's representatives communicated on more than one occasion without being requested to do so.

18. The calls were intended to and did embarrass plaintiff.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

T:\21431\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)